UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No: 04-80983
                                            Honorable Victoria A. Roberts

v.

OMAR VAUGHN,

        Defendant.

_____/

## ORDER GRANTING MOTION TO STAY (ECF NO. 36)

### I. Procedural Posture

Omar Vaughn ("Vaughn") was convicted under 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) and 21 U.S.C. § 841(a)(1)(b)(1)(D) (Possession with Intent to Distribute Marijuana) in November 2005. The Court sentenced him as a "Career Offender" to 151 months under § 2K2.1 and § 4B1.1 of the United States Sentencing Guidelines. At the time of his sentencing, § 4B1.1 enhanced the sentences of "Career Offenders" who had two prior felony convictions for a controlled substance offense or a "crime of violence," defined as anything that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.S. Appx. § 4B1.1-2. In June 2016, Mr. Vaughn filed a Motion to Vacate Pursuant to 18 U.S.C. § 2255 on the grounds that the definition of "crime of violence" under which he was sentenced is unconstitutionally vague. The U.S. filed a Motion to Stay pending the Supreme Court's decision in *Beckles v. United States*.

For the reasons stated below, the motion is **GRANTED**.

## II. Relevant Law and its Application to Mr. Vaughn

In *Johnson v. U.S.*, 135 S. Ct. 2551 (2015), the Supreme Court invalidated as unconstitutionally vague the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" identically to 18 U.S.C.S. Appx. § 4B1.2's definition of "crime of violence." In *Welch v. U.S.*, 136 S. Ct. 1257 (2016), the Court held that the *Johnson* decision is a substantive (as opposed to procedural) rule, and therefore retroactively applicable in cases on collateral review. The Sixth Circuit recently applied these decisions to § 4B1.2 of the Sentencing Guidelines, holding that the identical "residual clause" is also unconstitutionally vague and retroactively applicable-- the implication being that people whose sentences were enhanced pursuant to that clause can move to vacate their sentences under 28 U.S.C. § 2255. *U.S. v. Pawlak*, 822 F. 3d 902 (6th Cir. 2016).

Vaughn argues that under *Pawlak*, this Court has the discretion to apply *Johnson* and *Welch* and vacate his sentence, which was enhanced by the inclusion of Fleeing and Eluding within the category of "crime of violence" under 18 U.S.C.S. Appx. § 4B1.2.

However, not long after *Pawlak*, the Sixth Circuit reconsidered "whether to treat *Pawlak* as a new rule that the Supreme Court has not made retroactive or as a rule dictated by *Johnson* that the Supreme Court has made retroactive." *In re: Embry*, 831 F. 3d 377, 378 (6th Cir. 2016). The court held that "it makes the most sense to grant the gatekeeping motions, send the cases to the district courts, and ask the district courts to

hold the cases in abeyance pending the Supreme Court's decision in *Beckles*." *Embry* at 382.

In the Petition for Writ of Certiorari, *Beckles v. United States* (No. 13-13569), the following questions are presented: "1. Whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2), [and] 2. Whether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review." *Beckles* will also decide whether Fleeing and Eluding remains a "crime of violence" in light of *Johnson*. Given the impending resolution of these questions, the *Embry* panel, while leaning towards treating *Pawlak* as a new rule that shouldn't be applied retroactively until it is recognized by the Supreme Court, granted the government's motion to stay and sent the case back to the district court to be held in abeyance.

Another panel of the Sixth Circuit, when presented with the same issue, disagreed with the panel that decided *Embry*, leaning heavily instead towards interpreting *Johnson* as retroactively applicable to the United States Sentencing Guidelines. *In re: Patrick*, No. 16-5353 (6th Cir. 2016), at *6. However, the panel was bound by the *Embry* approach and, recognizing that the Supreme Court would soon shed light on the issue, transferred the case to the district court to be held in abeyance pending the Supreme Court decision in *Beckles*. Id. at *8.

Mr. Vaughn argues that *Johnson* should apply retroactively. The U.S. takes the position that *Johnson* does not apply retroactively in guidelines cases. Both the Sixth

Circuit and the Eastern District of Michigan acknowledge that the most appropriate procedure is to stay litigation pending the resolution of these questions by the Supreme Court. See *U.S. v. Pary*, No. 13-20142, 2016 WL 4376207 (E.D. Mich. 2016); *U.S. v. Rodriguez*, No. 13-20405, 2016 WL 4124096 (E.D. Mich. 2016); *U.S. v. Allen*, No. 12-CR-20553, 2016 WL 4362863 (E.D. Mich. 2016).

### III. Conclusion

Because *Beckles v. United States* should conclusively decide whether *Johnson* and *Welch* apply retroactively on collateral review to sentences enhanced by the residual clause of the United States Sentencing Guidelines, this Court will follow the procedure established by the Sixth Circuit and grant the Government's Motion to Stay pending the Supreme Court's decision in *Beckles*. *Beckles* will also clarify whether Fleeing and Eluding should still be considered a "crime of violence." Vaughn's sentence was enhanced by his prior felony conviction for Fleeing and Eluding. It makes sense to hold his case in abeyance until the Supreme Court resolves that question. A decision in *Beckles* is expected sometime between January and June 2017.

The Government's motion to stay is **GRANTED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 21, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 21, 2016.
s/Linda Vertriest
Deputy Clerk

4