UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent                                 Case No. 04-80983
                                                                     Honorable Victoria A. Roberts

v.

OMAR VAUGHN,

    Defendant/Petitioner.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO VACATE
## SENTENCE UNDER 28 U.S.C. §2255

This is a habeas case under 28 U.S.C. §2255. Omar Vaughn was convicted of: Count One, Felon in Possession of a Firearm, 18 U.S.C. §922(g)(1), and Count Two, Possession with Intent to Distribute Marijuana, 21 U.S.C. 841(a)(1), (b)(1)(D). The Government sought a sentencing enhancement and designated Vaughn as a Career Offender based on previous convictions: felonious assault, 1991; delivery of controlled substances under 50 grams (2 Counts), 1994; and fleeing and eluding, 1996. Taking these convictions into account, the Government sought a sentencing range of 151-188 months. The Court sentenced Vaughn to 120 months for Count One and 31 months for Count Two, consecutive – for a total of 151 months.

Vaughn filed a petition for writ of habeas corpus. He says his 151 month sentence was erroneously calculated because his 1991 felonious assault conviction was outdated and should not have been used as a predicate offense for a Career Offender sentencing enhancement.

The Government responded to Vaughn's motion and agreed that his 1991 felonious assault conviction should not have counted because of its age, or used as a predicate offense for a Career Offender sentencing enhancement. The Government agrees that absent this error,

1

Vaughn's range should have been 84-105 months.

The Government requests an evidentiary hearing and a new Presentence Investigation Report ("PSIR") to determine if Vaughn is entitled to relief under 28 U.S.C. §2255(b). The Government does not say why an evidentiary hearing is warranted.

Vaughn correctly argues that his counsel was ineffective because he failed to object to the sentencing error; his range should have been 84-105 months. Vaughn has already served in excess of the top of his guideline range and has served any sentence he would receive if the Court resentenced him. No evidentiary hearing is necessary. The petition for writ of habeas corpus is **GRANTED.** Vaughn is ordered unconditionally released immediately.

I.     PROCEDURAL HISTORY

A Grand Jury returned an Indictment that charged Vaughn with Count One: Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g) and Count Two: Possession with Intent to Distribute Marijuana, in violation of 18 U.S.C. §841(a)(1), (b)(1)(D).

Vaughn pled guilty to both counts. The PSIR concluded that Vaughn committed the offenses after he had already been convicted of two prior felonies for controlled substances or crimes of violence.

Vaughn was sentenced according to the Firearms Guideline, U.S.S.G. §2K2.1, and the Career Offender Guideline, U.S.S.G. §4B1.1, which allows for a sentencing enhancement based on prior felony convictions for controlled substances or crimes of violence; Vaughn was sentenced as a Career Offender.

Under the Firearms Guideline §2K2.1(a)(2), Vaughn was given a base offense level of 24. After adjustments, his Total Offense Level became 29. His Count Two controlled substances offense placed Vaughn in Criminal History Category VI under the Career Offender Provisions of

Chapter 4 of the Sentencing Guidelines. Ultimately, Vaughn's overall guideline range became 151-188 months. The Court sentenced Vaughn to 151 months, relying on the PSIR. Vaughn' attorney did not object. Vaughn did not file a notice of appeal.

Vaughn initially argued in his Motion to Vacate Sentence that his sentence enhancement was based on the 1996 conviction for Fleeing and Eluding which no longer qualified as a crime of violence under the Career Offender Guidelines after the *Johnson* decision. In *Johnson*, the Supreme Court held that the residual clause of "violent felony" under the Armed Career Criminal Act was unconstitutionally vague. *Johnson v. United States,* 135 S.Ct. 2551, 2563 (2015). This definition of "violent felony" is identical to 18 U.S.C. Appx. §4B1.2's definition of "crime of violence."

In *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) the Sixth Circuit held that *Johnson* was applicable to the Career Offender Guideline definition of "crime of violence" under §4B1.2(a) and that the identical residual clause construed in *Johnson* was also unconstitutionally vague and retroactively applicable.

Vaughn's initial motion was stayed pending the outcome in *Beckles*. *Beckles* held that advisory guidelines such as the U.S.S.G., are not subject to void for vagueness challenges under *Johnson*. *Beckles v United States*, 137 S.Ct. 866, 892 (2017).

In light of *Beckles,* Vaughn amended his motion challenging the use of his 1991 Felonious Assault conviction as a Career Offender predicate. He maintains in his motion now before the Court that his 1991 Felonious Assault conviction – because of its age – should not have been used as a sentencing enhancement to designate him as a Career Offender.

## II. STANDARD OF REVIEW

28 U.S.C. §2255 sets out the standard for when a writ of habeas must be granted to a Petitioner:

> "(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

## III. ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment of the United States Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right … to have Assistance of Counsel for his defense." U.S. Const., amend. VI. Additionally, the Sixth Amendment's right to counsel constitutes a right to the effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984).

Claims not raised on direct appeal are not allowed to be raised on collateral review under 28 U.S.C. §2255 unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504, (2003). Motions under §2255 are not a substitute for a direct appeal. However,

ineffective assistance of counsel claims may be brought under 28 U.S.C. §2255, even if the petitioner could have raised the claim on direct appeal. *Id.* at 504.

In *Strickland,* the Supreme Court outlined a two-step approach to determine if a habeas petitioner received ineffective assistance of counsel. The petitioner is required to satisfy both steps of the *Strickland* test. *Strickland,* 466 U.S. at 687.

Judicial scrutiny of counsel's performance must be highly deferential. Every effort must be made to fairly assess counsel's conduct, eliminating effects of hindsight and to reconstruct counsel's perspective at the time. *Id.* at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* It is up to the petitioner to overcome this presumption. *Id.* The two-step standard from *Strickland* is addressed below.

### i. Deficient Performance

The first prong of *Strickland* addresses deficient performance. To establish deficient performance, Vaughn must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. If a claim or defense is not fully pursued or a meritorious claim is not raised, counsel's performance is deficient. *Sylvester v. United States*, 868 F.3d 503, 510 (6th Circ. 2017). Reasonableness requires counsel to research all relevant facts and law, and make an informed decision based on that. *United States v. Phillips*, 210 F.3d 345, 348 (5th Circ. 2000).

### ii. Prejudice

The second prong of the *Strickland* test requires the court to examine whether the petitioner was prejudiced. Counsel's errors must be so serious that they ultimately deprived the petitioner of a fair trial. Vaughn must show that there is a reasonable probability that, "if not for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability means that it is sufficient to undermine

confidence in the outcome. *Id*. The ultimate benchmark for ineffectiveness must be whether counsel's conduct undermines the proper functioning of the adversarial process and produces an unjust result. *McQueen v. Scroggy*, 99 F.3d, 1302, 1311-12 (6th Circ. 1996). It is not enough to show that the errors had a conceivable effect on the outcome; the errors must have changed the result of the proceeding. *Sylvester*, 868 F.3d at 511.

*Strickland* does not offer clear guidance regarding prejudice; courts differ in their approach. In cases involving sentencing error, a petitioner is prejudiced when deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing – such as an automatic increase for a "career" offender – which would not have occurred but for counsel's error. *Phillips*, 210 F.3d at 351 (5th Circ. 2000); *U.S. v. Franks*, 230 F.3d 811, 814-15 (5th Circ. 2000).

In *Franks*, the petitioner received an improper enhancement that resulted in an offense level of 27, instead of 25. *Franks*, 230 F.3d at 815. The Petitioner was sentenced in the range of 70-87 months, instead of 57-71 months; he received a sentence of 74 months, 3 months longer than the maximum permissible guideline sentence. *Id.* The Fifth Circuit reasoned that the alleged error resulted in a specific, demonstrable increase in sentencing, and the petitioner was prejudiced. *Id.*

In *Phillips*, the petitioner was erroneously categorized as a career offender, which resulted in an automatic sentencing enhancement. *Phillips*, 210 F.3d at 351. The enhancement placed him in a sentencing range of 151-188 months. *Id.* If the sentencing enhancement would not have been applied, his sentencing range would have been 121-151 months, below the 188 months he received. *Id.* The Fifth Circuit found that this enhancement was solely attributable to counsel's failure to object and the petitioner was prejudiced. *Id.*

## IV. DISCUSSION

### A. Counsel's Failure To Object To The Sentencing Error Constitutes Deficient Performance

Counsel's failure to notice that Vaughn's 1991 Felonious Assault conviction fell outside of the requisite time under U.S.S.G §4A1.2(e)(2) falls below the objectively reasonable performance that is expected of a legal professional. By researching relevant facts and the Sentencing Guidelines and the Career Offender provisions, counsel should have noticed this sentencing error in Vaughn's PSIR and brought it to the Court's attention through an objection. Counsel failed to raise a meritorious objection that would have led the Court to reconsider the sentencing range it utilized to sentence Vaughn. This constitutes deficient performance; the first prong of *Strickland* is satisfied.

### B. Vaughn Was Prejudiced By Counsel's Failure To Object To The Sentencing Error

Counsel's failure to object prejudiced Vaughn.

The Court used Vaughn's 1991 Felonious Assault conviction as a possible Career Offender predicate that led to his sentencing enhancement. This was wrong. Because of this error, Vaughn was allocated a Base Offense Level of 24 under U.S.S.G §2K2.1(a)(2):

> (a) Base Offense Level (Apply the Greatest): (2) 24, if the **defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense**. (emphasis added).

Given that Vaughn's 1991 Felonious Assault conviction did not receive Criminal History Category points and could not count as a prior conviction for Career Offender purposes, his correct Base Offense Level should have been 20 under U.S.S.G. §2K2.1(a)(4)(A):

> "the defendant committed any part of the instant offense subsequent to sustaining **one felony conviction of either a crime of violence or a controlled substance offense**" (emphasis added).

7

Vaughn's 1994 convictions for two counts of Delivery of Controlled Substance under 50 grams received 3 points under U.S.S.G. §4A1.1(a) and his 1996 Fleeing and Eluding conviction received 2 points under U.S.S.G. §4A1.1(b), for a total of 5 points. Combined with his Base Offense Level of 20, his Total Offense Level should have been 25 with a Criminal History Category IV because he did not have the predicate offenses to be considered a Career Offender and be eligible for a sentencing enhancement. Vaughn's correct sentencing range should have been 84-105 months. Counsel's failure to object to the erroneous sentencing calculations and incorrect designation as a Career Offender resulted in Vaughn receiving a considerably longer sentence.

The Court relied on the PSIR when sentencing Vaughn. There is a reasonable probability that but for counsel's failure to object, Vaughn would have received a lower sentence. Counsel's failure to object to the sentencing error was so serious that it deprived Vaughn of a fair and appropriate sentence for his crimes. Therefore, counsel's failure to object prejudiced Vaughn; the second prong of *Strickland* is satisfied.

## V. CONCLUSION

Vaughn satisfies both prongs of *Strickland*. He demonstrates that counsel's ineffectiveness led him to fail to object to the erroneous sentencing calculations and Vaughn's incorrect designation as a Career Offender. This prejudiced Vaughn and led to a sentence of 151 months when the appropriate range should have been 84-105 months.

Vaughn's writ of habeas corpus is **GRANTED**. Vaughn's scheduled release date is September 13, 2020. Vaughn has already served well beyond any sentence he would receive if the Court resentenced him. The Court orders that Vaughn be unconditionally released.

**IT IS ORDERED.**

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 10, 2018